## IN THE COUNTY COURT OF JACKSON COUNTY, MISSISSIPPI
### NINETEENTH JUDICIAL DISTRICT
### PASCAGOULA, MISSISSIPPI

SANDRA D. DEAN                                                              PLAINTIFF

**FILED**

OCT 04 2021      CAUSE No. 2021-2110 3

RANDY CARNEY, CLERK

BY_____D.C.

*vs.*

WAL-MART SUPERCENTER #1346,
WAL-MART STORES EAST LP,
AND JOHN DOES, #1-5                                                    DEFENDANT(S)

## COMPLAINT AND JURY DEMAND

**COMES NOW,** the Plaintiff, Sandra D. Dean, by and through her attorney, Andrew C. Burrell, and files this, her Complaint and Jury Demand against Defendants, Wal-Mart Supercenter #1346, Wal-Mart Stores East, LP and John Does, #1-5, and for good cause would respectfully represent and show unto the Court the following facts, to wit:

### PARTIES

#### I.

Plaintiff, Sandra D. Dean is an adult resident citizen of Ocean Springs, Jackson County, Mississippi.

#### II.

Defendant, Wal-Mart Supercenter #1346, upon information and belief, is a foreign company in good standing and is doing business in Ocean Springs, Jackson County, Mississippi. Defendant, Wal-Mart Supercenter #1346 is *sui juris* in all respects and can be served with process at their place of business, as follows:

Wal-Mart Supercenter #1346
3911 Bienville Boulevard
Ocean Springs, Mississippi  39564

**EXHIBIT A**

## III.

Defendant, Wal-Mart Stores East, LP, upon information and belief, is a foreign corporation in good standing and licensed to do business in Mississippi. Defendant, Wal-Mart Stores East, LP's principal office address is located at 702 SW 8th Street in Bentonville, Arkansas. This Defendant is *sui juris* in all respects and can be served with process by serving it's registered agent for service of process, as follows:

CT Corporation System
645 Lakeland East Drive, Suite 101
Flowood, Mississippi 39232

## IV.

John Does # 1 - 5 are individuals whose true identities are unknown to the Plaintiff at this time, however, at all relevant times herein were entities, whether singular or plural, are business owners, operators, agents, representatives, partners or managers of Defendants, Wal-Mart Supercenter #1346, Wal-Mart Stores East, LP *and/or* were employees of Defendants, Wal-Mart Supercenter #1346 *and/or* Wal-Mart Stores East, LP. John Doe's #1-5 negligent acts have caused severe and permanent damage, loss and injury to Plaintiff. John Doe's # 1-5 true and correct names are unknown to Plaintiff at this time but will be substituted by amendment when ascertained.

## VENUE AND JURISDICTION

### V.

Venue is proper in the County Court of Jackson County, Mississippi, 19th Judicial District pursuant to Miss. Code Ann. § 11-11-3 (1972) due to the fact that the events giving rise to the Plaintiff's cause of action occurred in Ocean Springs, Jackson County, Mississippi.

### VI.

The relief sought by Plaintiff is subject to the jurisdiction of this Court and this Court has jurisdiction over the Defendants named herein and the subject matter of the claim set forth in this Complaint.

## FACTS GIVING RISE TO THE CAUSE OF ACTION

### VII.

Plaintiff incorporates by reference all allegations in Paragraphs I. through VI. as if set out in full herein.

### VIII.

On or about October 8, 2018, while an invitee upon Wal-Mart Supercenter #1346, Plaintiff was shopping in the store located at 3911 Bienville Boulevard located in Ocean Springs, Jackson County, Mississippi. Plaintiff was proceeding in front of a set of service doors near the bakery and frozen seafood area of the store, when suddenly and without warning, a Wal-Mart employee aggressively pushed through the service doors with a large utility cart, which forcefully collided with Plaintiff's shopping cart and subsequently caused her cart to strike Plaintiff. At the time and place of the subject incident, there were no warning signs placed in the area alerting invitee to the danger, nor were there any barriers or other warnings of the dangerous condition. As a result, Plaintiff sustained personal injuries.

## NEGLIGENCE

### IX.

Plaintiff incorporates by reference all allegations in Paragraphs I. through VIII. as if set out in full herein.

### X.

On or about October 8, 2018, Plaintiff was lawfully upon the Defendant's premises and while exercising due care for her own safety and being unaware of the condition aforesaid, came in contact with the dangerous condition, and as a result thereof was seriously injured.

### XI.

At the time and place of the incident complained of, Defendants owed the Plaintiff a duty to maintain its premises in a reasonably safe condition, to correct dangerous conditions of which said Defendant either knew or should have known by the use of reasonable care, and to warn the Plaintiff of any dangerous conditions concerning which Defendants had or should have had knowledge greater than that of Plaintiff.

### XII.

Defendants created, had actual or constructive knowledge of the dangerous condition, and failed to maintain the subject premises so that invitees could walk about safely and not be subjected to the negligent and dangerous condition. Defendants further failed to warn Plaintiff of the negligent and dangerous condition.

### XIII.

The Defendants negligently breached its aforesaid duty on October 8, 2018.

## XIV.

The negligent and dangerous condition was known to the Defendants or had existed for a sufficient length of time so that the Defendants should have known of the negligent and dangerous condition.

## XV.

That as a direct and proximate result of the negligent and careless acts by the Defendants' failure to maintain a safe and proper environment for its invitees, Plaintiff was caused to be struck by a cart, resulting in severe and permanent injuries.

## DAMAGES

## XVI.

Plaintiff incorporates by reference all allegations in Paragraphs I. through XV. as if set out in full herein.

## XVII.

Further, as a result of Plaintiff's injuries, she has suffered damages including, but not limited to, the following:

      (*i*)     past, present and future medical and prescription drug expenses;

      (*ii*)     past, present and future emotional and mental distress and loss of enjoyment of life;

      (*iii*)     past, present and future pain and suffering;

      (*iv*)     past, present and future lost wages;

      (*v*)     annoyance and inconvenience; and

      (*vi*)     permanent injuries, disfigurement and impairment.

## XVIII.

Plaintiff would show that the negligence of Defendants' solely and proximately caused the incident and Plaintiff's aforementioned injuries and damages and that they were incurred without contributory negligence or assumption of the risk on the part of the Plaintiff, or an opportunity for the Plaintiff to avoid the accident.

**WHEREFORE, premises considered,** Plaintiff demands Judgment of and from the Defendants in a reasonable amount such as willfully and fairly compensate her for her damages, together with the costs of this proceeding and lawful interest, and for such other relief, both general and specific, at law or in equity, to which Plaintiff may show herself justly entitled.

*Plaintiff requests a trial by jury.*

**RESPECTFULLY SUBMITTED,** this 4th day of OCTOBER, 2021.

PLAINTIFF SANDRA D. DEAN

By: ANDREW C. BURRELL, ESQUIRE

ANDREW C. BURRELL, ESQUIRE
ATTORNEY FOR PLAINTIFF (MSB #9575)
**ANDREW C. BURRELL, P.A.**
1643 EAST PASS ROAD, SUITE A
GULFPORT, MISSISSIPPI 39507
ANDREW@ANDREWBURRELL.COM
PHONE: 1.228\896-4016
FAX: 1.228\896-8372